UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-50111 |
| VERSUS | CIVIL ACTION NO. 06-1057 |
| JESSIE FACEN | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before the Court is Jessie Facen's ("Facen") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Rec. Doc. 40). Based on the following, Facen's motion is **DENIED**.

**I.   FACTUAL BACKGROUND**

On September 29, 2003, Caddo Parish Deputies McLamb and Sergeant Dunn were conducting "interdiction" at the Greyhound bus station, 408 Fannin, Shreveport, Louisiana. Deputy McLamb saw Facen nervously exit the bus. (Rec. Doc. 42 at 4, citing Guilty Plea Tr. at 7). When Facen saw Deputy McLamb and his K-9, he turned the other way. Sergeant Dunn approached Facen and received permission to search Facen's backpack, where he found approximately 319 grams of suspected crack cocaine and approximately 4 pounds of marijuana. (Rec. Doc. 1 and Guilty Plea Tr. at 7). Facen gave a post-Miranda statement that he received the narcotics in Dallas and was transporting the narcotics to Monroe, Louisiana. Once in Monroe, he was to leave the backpack on the bus, exit, and another person would enter the bus and get the bag. Facen stated that this was the second time he had transported narcotics from Dallas to Monroe. (Rec. Doc. 1).

**II.   PROCEDURAL HISTORY**

On October 22, 2003, a federal grand jury returned a single count indictment against

Facen. (Rec. Doc. 6). He was charged with possession with the intent to distribute fifty (50) grams or more of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See id.

On December 10, 2003, the defendant filed a motion to suppress. (Rec. Doc. 11). On March 15, 2004, after considering the magistrate's recommendation and the defendant's objections, the Court denied Facen's motion to suppress. (Rec. Doc. 20). On March 18, 2004, pursuant to a written plea agreement, Facen pled guilty to the single count indictment (possession with the intent to distribute fifty (50) grams or more of crack cocaine). He reserved his right to appeal the motion to suppress. (Rec. Doc. 24). Facen was sentenced on July 13, 2004, to 253 months imprisonment. Upon his release, he is to be placed on a five-year term of supervised release. (Rec. Doc. 28). Facen's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on June 22, 2005. (Rec. Doc. 39).

### III. LAW AND ANALYSIS

The government argues that Facen's section 2255 claims are not cognizable. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." U.S. v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Facen "may not

raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [his] procedural default, and 'actual prejudice' resulting from the error." U.S. v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted).

To establish "cause," Facen must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Facen must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. Further, Facen may not raise any constitutional errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Id. at 232 (citation omitted).

In a case involving a guilty plea, the petitioner must establish the constitutional error "has probably resulted in the conviction of someone who is actually innocent." Bousley v. U.S., 523 U.S. 614, 623, 1611 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). To establish actual innocence, Facen must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995)).

Facen has neglected to show cause for his failure to raise his claims on direct appeal or actual prejudice resulting from his error. Nor has he established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice). Moreover, Facen has not presented any evidence of actual innocence. However, in an abundance of caution, the Court will proceed to the merits of Facen's section 2255 claims.

### A. Ineffective Assistance of Counsel

Facen claims that his counsel was inadequate for (1) failing to raise the claim that the Speedy Trial Act was violated, (2) failing to challenge the indictment on the grounds that an element was missing, (3) failing to raise Federal Rule of Criminal Procedure 32(c)(3)(D), (4) failing to adequately inform him of the nature of the charge, (5) failing to request that the Court consider factors outside the Guidelines, (6) failing to challenge the laboratory report and for failing to contest the fact that he was sentenced on the basis of "crack," (7) failing to argue that his sentence was imposed without consideration of United States Sentencing Guidelines §§ 3D1.2 and 3D1.4, and (8) failing to raise a claim relating to statements he made to the police.

To prevail on a claim of ineffective assistance of counsel, Facen must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Facen must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The two prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n.6 (5th Cir. 1998); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  Further, if Facen fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.  See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

In the context of a guilty plea, prejudice is present if there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.  See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); Theriot v. Whitley, 18 F.3d 311, 313 (5th Cir. 1994).  But even if the counsel has rendered completely ineffective assistance to the defendant, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.  Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

**1.   The defense counsel was not ineffective for failing to raise the claim that the Speedy Trial Act was violated.**

Facen's argument is meritless.  The record clearly demonstrates that Facen's counsel waived the application of the Speedy Trial Act "because continuing the trial date beyond the seventy (70) day period provided by the Speedy Trial Act will serve the ends

of justice and outweigh the best interest of the public and the defendant to a speedy trial." (Rec. Doc. 9, ¶ 5).

### 2. The defense counsel was not ineffective for failing to challenge the indictment on the grounds that an element was missing.

Facen does not specifically state which element was missing, but it can be inferred from his arguments that he believes the indictment should have included the element of "commerce." Nevertheless, the Fifth Circuit has held that "Congress' regulation of controlled substances offenses under 21 U.S.C. §§ 841 and 846 is permissible under the Commerce Clause *and showing an interstate commerce nexus is not required*." U.S. v. Orr, No. 03-60824, 2005 WL 1458235, at *4 (5th Cir. 2005) (emphasis added). Neither provision requires a specific nexus between the drug activity being punished and interstate commerce. See U.S. v. Owens, 996 F.2d 59, 61 (5th Cir. 1993) (citing U.S. v. Lopez, 459 F.2d 949 (5th Cir.), cert. denied, 409 U.S. 878, 93 S.Ct. 130 (1972)).

### 3. The defense counsel was not ineffective for failing to raise Rule 32(c)(3)(D).

The provision referred to by Facen in his motion does not exist. Even so, a review of the record demonstrates that no section of Rule 32 was violated.

### 4. The defense counsel was not ineffective for failing to adequately inform him of the nature of the charge.

Facen claims that he did not understand the nature of the charge and that the Court did not adequately determine whether the plea was made voluntarily. He also appears to claim that the prosecution promised he would not be sentenced at the higher end of the Guidelines. However, the record indicates otherwise.

Sworn statements "in open court during a plea hearing 'carry a strong presumption

of verity.'" U.S. v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977)).  At the time of guilty plea, Facen stated under oath that he had fully discussed the charges in the indictment with his lawyer, that he was satisfied with his representation, that he understood the nature of the charges against him, and that he was entering into the guilty plea freely and voluntarily. (Guilty Plea Tr. 5, 17-20).

Further, any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." U.S. v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994). Facen signed a plea agreement which provides, "This is the entire plea agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with counsel." (Rec. Doc. 24, ¶ 8).  He also signed a document entitled "Understanding of Maximum Penalty and Constitutional Rights" which provides, "I understand the nature of the charge against me and the maximum possible penalty that may be imposed against me as set forth in the plea agreement." (Rec. Doc. 25).  The document also provides, "I further state that my plea in this matter is free and voluntary and it has been made without any threats or inducements whatsoever (except the plea agreement) from anyone ... and that the only reason I am pleading guilty is that I am in fact guilty as charged." (Rec. Doc. 25).

As demonstrated, the record clearly indicates that Facen understood the nature of the charges against him, he entered into the guilty plea freely and voluntarily, and understood that he could receive the maximum possible sentence.

> **5. The defense counsel was not ineffective for failing to request that the Court consider factors outside the Guidelines.**

In determining the reasonableness of an attorney's action, every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984). At the time of Facen's sentencing, the decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), had been in place less than a month and the Supreme Court had not yet decided U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defense counsel could not be considered ineffective for failing to anticipate the implications of Blakely or foresee Booker. As the Fifth Circuit has noted, counsel "is not required to anticipate subsequent developments in the law." Ogan v. Cockrell, 297 F.3d 349, 360 (5th Cir. 2000).

Moreover, there was no indication at the time of Facen's sentencing that Blakely applied to the Guidelines. In fact, the Court specifically stated, "[t]he Federal Guidelines are not before us, and we express no opinion on them." Blakely, 542 U.S. at 305 n. 9, 124 S.Ct. at 2538 n. 9.

> **6. The defense counsel was not ineffective for failing to challenge the laboratory report and for failing to contest the fact that he was sentenced on the basis of "crack."**

Facen claims it was incumbent upon defense counsel to avail himself of any and every potential expert forensic drug analysis. But contrary to Facen's allegations, chemical analysis would not have indicated whether or not the substance was crack. See U.S. v. Richardson, 25 F.3d 46, 50 (1st Cir. 2000) ("Chemical analysis cannot establish that a substance is crack, however, because crack is chemically identical to other forms of

cocaine base, although it can reveal the presence of sodium bicarbonate, which is usually used in processing crack. Lay opinion testimony suffices to prove that a substance is crack.") (internal citations omitted). Nor is it necessary for the government to perform a chemical analysis to prove that a substance is crack. See U.S. v. Robinson, 194 F.3d 408, 417 (3rd Cir. 1999).

When a defendant has given counsel reason to believe that pursuing certain claims or investigations would be fruitless, counsel's failure to pursue those investigations cannot be challenged as unreasonable. See Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. At no time during plea negotiations did Facen dispute the fact that the substance was crack, nor has he presented evidence showing the laboratory report was inaccurate or that the substances in question were not crack. Rather, the record indicates he admitted the substance was crack. (Guilty Plea Tr. 5-6). His counsel's failure to challenge the nature of the substance is not unreasonable.

**7.   The defense counsel was not ineffective for failing to argue that his sentence was imposed without consideration of U.S.S.G. §§ 3D1.2 and 3D1.4.**

This argument presented by Facen also lacks factual and legal merit. The guidelines referred to by Facen deal with the grouping of counts of the offense and would not apply to the defendant since he was only charged with one count.

**8.   The defense counsel was not ineffective for failing to raise a claim about statements he made to the police.**

Facen claims his counsel failed to raise a claim alleging a violation of his Fifth Amendment rights. However, this allegation is conclusory. Facen states no facts and presents no evidence of any such violation.

Simply put, Facen has failed to satisfy either prong of the Strickland test. As to cause, he has neglected to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of strategy. As to prejudice, he has presented no evidence establishing that his attorney's actions were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Facen's ineffective assistance of counsel claims fail as he has not shown that his counsel's conduct "so undermined the proper functioning of the adversarial process that the [court] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686, 104 S.Ct. at 2064.

### B.     Constitutionality of 18 U.S.C. §§ 841 and 846

Facen claims 18 U.S.C. §§ 841 and 846 exceed Congress' authority to regulate commerce. However, it has been repeatedly held that Congress was well within its commerce power in enacting 18 U.S.C. §§ 841 and 846. See U.S. v. Owens, 996 F.2d 59, 61 (5th Cir. 1993) (citing U.S. v. Lopez, 459 F.2d 949, 953 (5th Cir.), cert. denied, 409 U.S. 878, 93 S.Ct. 130 (1972); U.S. v. Weinrich, 586 F.2d 481, 489 (5th Cir. 1978) (reaffirming that 21 U.S.C. § 841(a)(1) is constitutional even though no specific proof of a nexus with interstate commerce is required for conviction.), cert. denied, 440 U.S. 982, 99 S.Ct. 1792 (1979)). Once again, Facen's claim legally lacks merit.

### C.     Miscellaneous Claims

Facen alleges he was targeted by the police officers because he was a black male, that the government engaged in prosecutorial misconduct by charging him with the most serious offense, and that he should have been prosecuted by the state. However, he failed

to raise these claims on a direct appeal and has failed to establish the requisite cause or prejudice to permissibly raise these errors in his section 2255 motion for collateral review. See U.S. v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). Moreover, Facen has presented no evidence showing that such error resulted "in the conviction of someone who is actually innocent," which is required in the context of a guilty plea. See Bousley v. U.S., 523 U.S. 614, 623, 1611 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Accordingly, Facen's claims cannot be considered by this Court.

### IV. CONCLUSION

The Court finds that Facen neither established the requisite cause and prejudice nor provided any evidence that he was "actually innocent" as required in the context of a guilty plea. Facen's claims either are not cognizable under 28 U.S.C. § 2255 or lack legal merit. Therefore:

**IT IS ORDERED** that Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Rec. Doc. 40) is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of July, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE